Steve R. ANDREW, Appellant,

v.

STATE of Alaska, Appellee.

No. 6468.

Court of Appeals of Alaska.

Nov. 5, 1982.

Susan Orlansky, Asst. Public Defender and Dana Fabe, Public Defender, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Steve R. Andrew appeals from a conviction of theft by receiving,[1] contending that the statute under which he was convicted, AS 11.46.190, is unconstitutional. This statute, part of the Alaska Revised Criminal Code, first took effect on January 1, 1980, and provides, in relevant part:

> *Theft by Receiving* (a) A person commits theft by receiving if he buys, receives, conceals, or disposes of stolen property with reckless disregard that the property was stolen.

Andrew alleges that AS 11.46.190 violates constitutional due process by defining the conduct prohibited in a manner that is impermissibly vague and expansive; he also asserts that the statute violates due process by dispensing with the requirement of criminal intent as an element of the offense, thus rendering it a strict liability crime. We believe Andrew's claims to be unfounded; consequently we affirm.

We first consider the argument that AS 11.46.190 is impermissibly vague. Andrew maintains that, by prohibiting any person from receiving stolen property "with reckless disregard" that it is stolen, AS 11.46.190 creates a broad and undefined standard, thereby affording inadequate notice as to what conduct is prohibited and encouraging arbitrary enforcement by police and prosecutors. *See, e.g., Huddleston v. United States,* 415 U.S. 814, 831, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782, 794 (1974); *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115 (1972); *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 811–12, 98 L.Ed. 989, 996 (1954). This argument, however, hinges on the premise that the term "reckless disregard," as used in AS 11.46.190, is in fact undefined. We do not believe this to be the case.

A definition of recklessness that is generally applicable throughout the Alaska Revised Criminal Code is contained in AS 11.-81.900(a)(3), which provides, in relevant part:

> (3) A person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation . . . .

Andrew urges that, because this definition of recklessness applies only with respect to a person's "acts," it must be deemed inapplicable to the term "reckless disregard" found in AS 11.46.190(a). This follows, according to Andrew, because "reckless disregard" pertains to a person's state of mind rather than the way in which he acts.

■ The interpretation espoused by Andrew misconstrues the plain terms of AS 11.81.900(a)(3). This statute is expressly applicable whenever "a person acts 'recklessly' *with respect to . . . a circumstance* described by a provision of law defining an offense." (Emphasis added). Under AS 11.46.190(a), the proscribed conduct is buying, receiving, concealing or disposing of stolen property; the requisite mental state for the offense is reckless disregard, which must be determined by reference to the general statutory definition for recklessness contained in AS 11.81.900(a)(3); and the circumstance to which the mental element of recklessness applies is the stolen nature of the property. We believe this reading of AS 11.46.190 is reasonably clear and unambiguous, and we can perceive no logical obstacle to preclude the application of the statutory definition of recklessness contained in AS 11.81.900(a)(3) for the purpose of determining the meaning of "reckless disregard" as used in AS 11.46.190(a). We thus conclude that recklessness, as defined in AS 11.81.900(a)(3), is the mental element that the state must prove to establish the offense of theft by receiving.

---

1. Andrew was found guilty by a jury of the offense of theft by receiving in the second degree, a class C felony. *See* AS 11.46.190, AS 11.46.100(4) and AS 11.46.130.

■ Applying the statutory definition of recklessness to Alaska's theft by receiving statute leads to the conclusion that the state must meet a two-fold burden in order to prove criminal intent. First, the state must establish that, under all the circumstances in evidence, the risk that the property in question was stolen was so great "that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation . . . ." This facet of recklessness is objectively based. Second, the state must further prove actual awareness by the accused of the risk that the subject property is stolen. This second facet of recklessness requires subjective knowledge of the risk by the accused before conviction can be had under AS 11.46.190.[2]

■ We believe that this two-fold standard of recklessness is sufficiently precise to be understood and applied by persons of ordinary intelligence. We therefore hold that AS 11.46.190 is not impermissibly vague.[3]

■ Andrew separately advances a two-pronged challenge to the sufficiency of the criminal intent requirement established by AS 11.46.190. Andrew contends:

[T]he legislature . . . has eliminated the constitutionally mandated requirement of criminal intent from the serious crime of receiving stolen property. For the requisite subjective or objective knowledge that the property in question was stolen, the legislature has substituted the term "reckless disregard," whose exact meaning is undefined but which clearly would encompass cases where the defendant was free of criminal intent, having acted in a culpable manner in terms of civil liability. Furthermore, as written, AS 11.46.190 would permit the conviction of an individual for receiving stolen property without proof of any intention on his part to permanently deprive the owner of the property.

The initial prong of Andrew's argument—that AS 11.46.190 dispenses with criminal intent as an element and is essentially a strict liability offense—is to a large extent disposed of by our conclusion that the term "reckless disregard" in AS 11.46.190 must be interpreted in light of the statutory definition of recklessness found in AS 11.81.900(a)(3).

It is unquestionably true that the Alaska Supreme Court has been consistent in holding that serious offenses must include a requirement of criminal intent as an essential element of the offense and that imposition of strict liability in all but a limited category of criminal offenses violates due process.[4] However, Andrew's argument

---

2. The Alaska Legislature left little doubt of its intent to adopt this interpretation of AS 11.46.190 and to apply AS 11.81.900(a)(3) in defining "reckless disregard", as used in AS 11.46.190. Thus, the commentary to AS 11.46.190 states, in pertinent part:

> The statute does not require that the defendant "know" that the property was stolen; reckless disregard as to this element is sufficient. The definition of recklessly in § 11.81.900(a)(3) would require the state to establish that the defendant was actually aware and consciously disregarded a substantial and unjustifiable risk that the property was stolen. Further, the defendant's disregard of the risk that the property was stolen must constitute "a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

Commentary on the Alaska Revised Criminal Code, 1978 Senate Journal Supplement No. 47 at 37–38, 1978 Senate Journal 1399. *See also, id.,* at 139–43.

3. As the state correctly notes, the definition of "reckless disregard" that follows from application of the Criminal Code's general definition of recklessness to AS 11.46.190 is consistent with the results reached by many jurisdictions interpreting variously phrased theft by receiving provisions. Even in some instances where legislation expressly requires knowledge that goods were stolen on the part of the accused, it has been held that it is sufficient if the prosecution establishes that the accused either knew or reasonably should have known the stolen nature of the property illegally received. *See, e.g.,* R. Perkins, Criminal Law 327–29 (2d Ed. 1969); W. LaFave & A. Scott, Criminal Law § 93 at 687–88 (1972).

4. *See, e.g., State v. Rice,* 626 P.2d 104 (Alaska 1981); *Kimoktoak v. State,* 584 P.2d 25 (Alaska 1978); *State v. Guest,* 583 P.2d 836 (Alaska 1978); *Alex v. State,* 484 P.2d 677 (Alaska 1971); *Speidel v. State,* 460 P.2d 77 (Alaska 1969).

that AS 11.46.190 is a strict liability offense confuses the substitution of a less stringent criminal intent for a more stringent one with the elimination of criminal intent altogether. As we have previously concluded, the requisite degree of criminal intent for the offense of theft by receiving under AS 11.46.190 is recklessness. Given the definition of the term in AS 11.81.900(a)(3), the criminal intent requirement of AS 11.46.190 is neither vague nor undefined, as Andrew asserts. Andrew's contention that substitution of "reckless disregard" for knowledge as the requisite form of criminal intent will expose to criminal sanctions persons who are culpable only in terms of civil liability is entirely without merit. The definitions contained in the Revised Criminal Code for both recklessness—AS 11.81.900(a)(3)—and criminal negligence—AS 11.81.900(a)(4)—were expressly formulated to preclude mere civil negligence from forming the basis for a criminal conviction. Thus, both recklessness and criminal negligence require a "gross deviation" from the standard of care that "a reasonable person would observe in the situation." [5]

We conclude that the standard of "reckless disregard" specified in AS 11.46.190 suffices to meet the due process requirement of criminal intent.

██ The second prong of Andrew's attack on the adequacy of the criminal intent provisions of AS 11.46.190 pertains to the statute's failure to mention the need for an intent by the accused to unlawfully deprive the owner of his property. Andrew fails to note, however, that AS 11.46.190 is identical

to its predecessor in this respect. Former AS 11.20.350 provided:

> *Buying, receiving, or concealing stolen property.* A person who buys, receives, or conceals money, goods, bank notes or other things which may be the subject of larceny and which has been taken, embezzled, or stolen from another person, knowing it to have been taken, embezzled, or stolen, is punishable by a fine of not more than $1,000 and by imprisonment for not less than one year nor more than three years.

In *Hensel v. State,* 604 P.2d 222 (Alaska 1979), the Alaska Supreme Court, in construing former AS 11.20.350, observed that the requirement of an intent to deprive, though rarely specified in statutes such as former AS 11.20.350, was nonetheless an implicit element of the offense. 604 P.2d at 234. The court went on to note that since the element of intent to deprive was not expressly stated in the statute, it was unnecessary for the prosecution to allege it affirmatively in charging the offense. Lack of an intent to deprive would, however, constitute a defense. 604 P.2d at 234 n. 49.

In the present case, the state argues, and we agree, that consistent with *Hensel,* the requirement of an intent by the accused to deprive the owner of property which has been stolen must be implied as an element of criminal intent under AS 11.46.190. As was the case with former AS 11.20.350, the prosecution need not allege an intent to deprive or produce affirmative evidence of such an intent as part of its case-in-chief in

---

**5.** The commentary to AS 11.81.900(a)(3) and (4) is instructive in this regard and states in relevant part:

> The test for recklessness is a subjective one—the defendant must actually be aware of the risk. On the other hand, if criminal negligence is the applicable culpable mental state, the defendant will be criminally liable if he "fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists." The test for criminal negligence is an objective one—the defendant's culpability stems from his failure to perceive the risk.

> Both terms require the risk to "be of such a nature and degree" that either the disregard of it (in the case of recklessness) or the failure to perceive it (in the case of criminal negligence) constitutes a "gross deviation" from the standard of conduct or care that "a reasonable person would observe in the situation." This definition of the applicable risk involved insures that proof of ordinary civil negligence will not give rise to criminal liability.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supplement No. 47 at 142–43, 1978 Senate Journal 1399.

order to establish a *prima facie* case.[6] We believe that the implicit requirement of an intent to deprive under AS 11.46.190 should be identical to the intent specified for the offense of theft by taking, as set forth in AS 11.46.100(1). This provision states:

> *Theft defined.* ˙A person commits theft if
>
> (1) with intent to deprive another of property or to appropriate property of another to himself or a third person, he obtains the property of another.

Since we find that AS 11.46.190 does not dispense with the requirement of intent to deprive as a component of the criminal intent necessary for the offense of theft by receiving, we conclude that Andrew's challenge to the constitutionality of AS 11.46.-190 must fail.

The conviction is AFFIRMED.

---

6. The state acknowledges, however, that, as with other defenses, once the question of intent to deprive is placed in issue, the state must bear the burden of proving intent beyond a reasonable doubt.