**Leonard B. PANTHER, Petitioner–Appellant,**

v.

**Lloyd F. HAMES, Commissioner, Alaska Department of Corrections, Respondent–Appellee.**

### No. 92–35526.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 1993.*

Decided April 16, 1993.

R.App.P. 34(a); 9th Cir.R. 34–4.

**578**

Robert Merle Cowan, Cowan & Gerry, Kenai, AK, Walter Share, Seattle, WA, for petitioner-appellant.

Nancy R. Simel, Asst. Atty. Gen., Anchorage, AK, for respondent-appellee.

Before: WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.

PER CURIAM:

Leonard B. Panther appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 (1988).

Panther seeks relief from his Alaska conviction for criminally negligent homicide in violation of Alaska Statute 11.41.130(a) (1989). He contends that (1) Alaska's criminally negligent homicide statute is unconstitutionally vague; (2) the jury instruction defining the term "criminal negligence" violated due process because it relieved the jury of its duty to find the statutory elements of "criminal negligence" as defined in AS 11.81.900(a)(4); (3) the evidence of his criminal negligence was insufficient to support his conviction; and (4) prosecutorial misconduct through introduction of inadmissible evidence at the grand jury violated due process.

A. Vagueness Challenge to Alaska's Criminally Negligent Homicide Statute

In *Panther v. State*, 780 P.2d 386, 391 (Alaska Ct.App.1989), the court held that the statutory definitions of recklessness and criminal negligence are not unconstitutionally vague. Panther renews his objection to the criminal negligence statute here. We agree with the Alaska Court of Appeals and the district court that Alaska's criminally negligent homicide scheme is not unconstitutionally vague.

Under AS 11.41.130(a), "[a] person commits the crime of criminally negligent homicide if, with criminal negligence, the person causes the death of another person." The term "criminal negligence" is defined as follows:

*Definitions.* (a) For purposes of this title, unless the context requires otherwise, ...

(4) a person acts with "criminal negligence" with respect to a result or to a circumstance described by a provision of law defining an offense when the person fails to perceive a *substantial* and unjustifiable *risk* that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that the failure to perceive it constitutes a *gross deviation* from the standard of care that a reasonable person would observe in the situation.

AS 11.81.900 (emphasis added).

Whether a statute is unconstitutionally vague involves a two-step analysis: (1) the statute must describe the crime sufficiently to allow ordinary people to understand what conduct is prohibited, and (2) it must provide law enforcement with adequate guidelines. *United States v. Brice*, 926 F.2d 925, 930 (9th Cir.1991). The statute will meet the requirement of "certainty required by the Constitution if its language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Turf Center, Inc. v. United States*, 325 F.2d 793, 795 (9th Cir.1963); *see Grayned v. Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972).

When a term has a well-settled common law meaning, it will not violate due process "notwithstanding an element of degree in the definition as to which estimates might differ." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 128, 70 L.Ed. 322 (1926) (citations omitted). The fact that a penal statute "require[s] a jury upon occasion to determine a question of reasonableness is not sufficient to make it too vague to afford a practical guide to permissible conduct." *United States v.*

*Ragen,* 314 U.S. 513, 523, 62 S.Ct. 374, 378, 86 L.Ed. 383 (1942).

Panther argues that the terms "substantial risk," and "gross deviation" in AS 11.-81.900 are vague, fail to give objective criteria or guidance, and are thus unconstitutional. We examine each of these terms in order.

### 1. "Substantial Risk"

Alaska courts have not focused on the term "substantial risk." In *State v. Randol,* 226 Kan. 347, 597 P.2d 672, 679 (1979), the Kansas Supreme Court held that the term "material deviation" in a vehicular homicide statute was not vague. It noted that the term "material" was equivalent to "substantial," and that the term "substantial" had been found reasonably definite as used in the phrase "real or substantial value" and in other contexts. *Id.* at 678. The court stated that the term implies "more than the everyday minimal departures from the ordinary standard of care ... yet something less than ... reckless disregard." *Id.* The court concluded that when the terms of a statute and the words defining them are of "general usage, commonly known and understood by the public," they are sufficiently certain to meet constitutional requirements. *Id.*

This analysis applies with equal force to the term "substantial risk" as used in Alaska Stat. § 11.81.900. The term is sufficiently certain to meet constitutional requirements.

### 2. "Gross Deviation"

Alaska's criminal negligence standard is derived from the language contained in Model Penal Code § 2.02 (1985).

*Panther,* 780 P.2d at 390.[1] The Washington Supreme Court has upheld this definition against a vagueness challenge. *State v. Foster,* 91 Wash.2d 466, 589 P.2d 789, 795 (Wash.1979).

The term "gross deviation" also appears in Alaska's criminal recklessness statute.[2] Criminal recklessness in Alaska has been held not to be vague. *See Edgmon v. State,* 702 P.2d 643, 645 n. 1 (Alaska Ct. App.1985); *Andrew v. State,* 653 P.2d 1063, 1065 (Alaska Ct.App.1982) (holding theft statute including mens rea requirement of recklessness was not impermissibly vague).

In *Andrew,* the court held that adding the statutory definition of recklessness to the definition of "theft by receiving" under AS 11.46.190 required the state to meet a "two-fold burden." 653 P.2d at 1065. First, the state must prove that the accused took so great a risk that the property in question was stolen as to constitute a "gross deviation" from the standard a reasonable person would observe in the situation and, second, that the accused was actually aware of that risk. *Id.* This "two-fold standard of recklessness is sufficiently precise to be understood and applied by persons of ordinary intelligence ... and therefore [the statute] is not impermissibly vague." *Id.*

In *Williams v. State,* 648 P.2d 603, 608 (Alaska Ct.App.1982), the Alaska Court of Appeals held that the "meaning of the term 'recklessly' is well within the comprehension of the average juror, and that the *[Alaska] code definition appears to be a common sense definition of the term."* This definition is a "common-sense definition which the average juror could under-

---

**1.** Model Penal Code § 2.02 defines the term "reckless" as including a "gross deviation" from the standard of conduct a law-abiding person would observe in the actor's situation. The language is substantially the same as Alaska's recklessness and criminal negligence statutes.

**2.** Alaska Stat. § 11.81.900(a)(3) provides:
(3) a person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the

result will occur or that the circumstance exists; *the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation;* a person who is unaware of a risk of which the person would have been aware had that person not been intoxicated acts recklessly with respect to that risk.
The emphasized portion of the text indicates the language identical to the definition of criminal negligence under AS 11.81.900(a)(4).

stand and apply without an instruction." *Walker v. Endell,* 850 F.2d 470, 475 (9th Cir.1987), *cert. denied,* 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1988).

Similarly, Alaska's criminally negligent homicide statute, read together with the definition of criminal negligence under AS 11.81.900(a)(4) creates the same "two-fold standard" held not to be impermissibly vague in *Andrew. Accord State v. Serrano,* 145 Ariz. 498, 501, 702 P.2d 1343, 1346 (1985) (two-fold recklessness standard not unconstitutionally vague).

Other jurisdictions which have criminal negligence statutes substantially identical to Alaska's, and which use the term "gross deviation," have rejected vagueness challenges. *See State v. Owens,* 638 P.2d 1182, 1184 (Utah 1981) (holding the term "gross deviation" in a criminal statute is not unconstitutionally vague); *State v. Carisio,* 552 A.2d 23, 25 (Me.1988) (finding terms "criminal negligence" and "recklessness" are capable of understanding by ordinarily intelligent persons); *Ketchum v. Ward,* 422 F.Supp. 934, 940 (W.D.N.Y.1976) (holding definitional terms in criminally negligent homicide statute are not unconstitutionally vague and have a "wealth of common meaning,"), *aff'd,* 556 F.2d 557 (2d Cir.1977).

We conclude that Alaska's statutory definition of criminal negligence is not unconstitutionally vague.[3]

### B. Sufficiency of Jury Instructions

Panther argues that the court's jury instruction, which it read immediately following the statutory definition of criminal negligence, contradicts the statute and unconstitutionally permitted the jury to convict him for ordinary civil negligence. Panther contends this instruction diluted the state's due process burden to prove each statutory element of the crime charged. *See Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct.

2781, 2787, 61 L.Ed.2d 560 (1979). We disagree. The jury instruction provided:

A person acts with culpable criminal negligence with respect to a result described by the law when the person fails to perceive a substantial risk that the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. Criminal negligence is something more than the slight negligence necessary to support a civil action for damages and is negligence of a degree so gross as to be deserving of punishment.

### 1. Standard of Review

Panther first challenged the instruction on appeal, after failing to object at trial. In *Panther,* the court upheld the instruction, as it was approved by the Alaska Supreme Court in *O'Leary v. State,* 604 P.2d 1099, 1104 (Alaska 1979), *overruled on other grounds, Evans v. State,* 645 P.2d 155, 160 n. 11 (Alaska 1982). 780 P.2d at 391 n. 4.

▮ Ordinarily failure to comply with a state's contemporaneous objection rule bars federal habeas review unless the petitioner can show cause and prejudice flowing from the error. *Walker,* 850 F.2d at 473 (citing *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). However, if a state appellate court overlooks the procedural default and considers the objection on the merits, the cause and prejudice requirement does not apply. *Id.* (citations omitted).

Here, because the Alaska Court of Appeals considered Panther's claim on the merits, *see Panther,* 780 P.2d at 391 n. 4, so can we. Panther is not entitled to federal habeas relief unless " 'the ailing instruction so infected the entire trial that the resulting conviction violates due process.' " *Walker,* 850 F.2d at 475–76 (quotation

---

**3.** Panther also argues that other drivers experiencing similar automobile accidents are not charged with manslaughter or criminal negligence. The Supreme Court, however, has held that prior application of a criminal statute to identical conduct is not a prerequisite to a statute's withstanding constitutional attack. *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).

omitted). " 'The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.' " *Id.* at 475 (quotation omitted).

### 2. Jury Instruction Does Not Dilute Meaning of Statute

In *Andrew,* the Alaska Court of Appeals stated that the definitions of both recklessness under AS 11.81.900(a)(3) and criminal negligence under AS 11.81.900(a)(4) "were expressly formulated to preclude mere civil negligence from forming the basis for a criminal conviction." 653 P.2d at 1066. The court stated that both definitions required the risk involved to be of such a nature and degree that the disregard of it, or failure to perceive it, would constitute a "gross deviation" from the standard of reasonable care under the circumstances. *Id.* at n. 5. This definition is an objective one. *Id.* It ensures that "proof of ordinary civil negligence will not give rise to criminal liability." *Id.* (quoting Commentary on the Alaska Revised Criminal Code, Senate Journal Supplement No. 47 at 142–43, 1978 Senate Journal 1399).

 Panther contends that the term "slight negligence" in the challenged instruction permitted his conviction for a degree of negligence far less than the "substantial risk" or "gross deviation" required by AS 11.81.900(a)(4). We disagree. Jury instructions are to be read as a whole. *United States v. Hayes,* 794 F.2d 1348, 1351 (9th Cir.1986), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). The challenged jury instruction sufficiently instructs the jury that the negligence required be more than mere civil negligence. The instruction's language further clarifies this requirement, mandating that the conduct in question be "more than" that necessary for a civil action for damages, and be negligence "so gross as to be deserving of punishment." This left no room for a reasonable juror to conclude that the standard for liability was more than "slight negli-

gence," without also finding that Panther's actions were a "gross deviation" from reasonable conduct.

The Alaska trial court's instruction on criminal negligence was not constitutionally deficient.

### C. Sufficiency of the Evidence

 A court reviewing a record for sufficiency of the evidence for a guilty verdict must view the evidence and inferences to be drawn from it in the light most favorable to the government. *Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789. If a reasonable trier of fact could conclude beyond a reasonable doubt that the defendant was guilty under the explicit terms of the substantive elements of the crime under state law, the judgment will be affirmed. *Id.*

Panther contends that the district court erred in concluding that the evidence was sufficient to show criminal negligence. Specifically, he contends that there was no evidence that he was speeding, under the influence of drugs or alcohol, or driving erratically. He argues that, at most, the evidence shows that he entered the wrong lane for a mere two seconds, based upon a mistaken belief that the oncoming vehicle was in *his* lane due to an optical illusion.

 The evidence was stronger than this. The state's expert testified that Panther apparently took no evasive action to avoid the accident. The expert conceded that Panther had down-shifted into third gear, severely injured the arch of his braking foot and appeared to have made a last split-second "slight turn." Panther's car, however, left no skid marks and, according to testimony from the investigating officer, the "slight turn" was as consistent with intentionally trying to drive into the oncoming vehicle as with attempting to avoid a collision.

Panther argues that evidence showed that the sun was a factor in causing him to collide with the vehicle. He points to evidence that the sun was shining over the mountains, reflecting off the flats toward him. In his statement to the police, however, he said the glare of the sun did not

impair his vision. The state's expert also testified that it was unlikely the sun had any effect upon drivers at the time of the accident.

This expert also testified that the position of Panther's car was inconsistent with an inadvertent drift across the center line, but was consistent with a deliberate steering of the car into the wrong lane of traffic. The expert stated that Panther's version of the accident was inconsistent with the physical evidence and not credible.

Viewing these facts in the light most favorable to the prosecution, a reasonable juror could conclude that Panther failed to take any evasive action, and that the time frame for such action, a little more than two seconds, permitted him to do so. A reasonable juror could have concluded as well that Panther lied about the events, cf. Panther, 780 P.2d at 388, and inferred that he had some grossly negligent conduct he wished to hide. The evidence supports the jury's verdict.

### D. Prosecutorial Misconduct Before Grand Jury

Panther argues that the prosecutor's conduct before the grand jury deprived Panther of due process of law. He contends that the prosecutor elicited testimony that implied that he had been using drugs at the time of the collision and that he had refused improperly to release records of a blood test that would confirm his drug use. We reject this argument.

Whether an indictment complies with constitutional requirements is examined de novo. *Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir.1986). Even if we accept Panther's interpretation of the disputed testimony, we cannot agree that a constitutional violation occurred. To find such error, we must conclude that the misconduct "significantly infringe[d]" upon the grand jury's ability to render independent judgment. *United States v. Larrazolo*, 869 F.2d 1354, 1357 (9th Cir.1989). A constitutional error occurs when either the " 'structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice' to the defendant" or when the "defendant can show a history of prosecutorial misconduct that is so systematic and pervasive that it affects the fundamental fairness of the proceeding or if the independence of the grand jury is substantially infringed." *Id.* at 1357–58 (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256–57, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1986)).

We agree with the Alaska Court of Appeals that it was misconduct to introduce this evidence. We cannot say however, that the false evidence of Panther's drug use interfered with the grand jury's ability to exercise independent judgment. The prosecutor told the grand jury that no physical evidence supported a belief that Panther had used drugs and informed it that the proceedings could be continued to subpoena hospital records that would confirm or deny drug use. Furthermore, even without any evidence of drug use, the suspicious circumstances of the collision support an inference that Panther consciously disregarded a substantial and unjustifiable risk that a death would occur, as required for a charge of manslaughter. *See* Alaska Stat. §§ 11.41.120(a)(1), 11.81.900(a)(3) (1989). Panther further argues that the prosecutor's statements caused the grand jury to ask repeated questions about drugs. Independent of any prosecutorial suggestion, a head-on crash on the wrong side of the road on a dry, sunny morning with no visibility impairment and no drunkenness would cause most people, including the grand jury, to wonder if Panther was drugged. Panther suffered no fundamental unfairness, thus no constitutional violation, because of the prosecutor's error. *See United States v. Isgro*, 974 F.2d 1091, 1095–96 (9th Cir.1992) (no constitutional error when prosecutor intentionally withheld from the grand jury transcripts from an earlier trial that impeached the government's chief witness), *cert. denied,* —— U.S. ——, 113 S.Ct. 1581, 123 L.Ed.2d 148 (1993).

**AFFIRMED.**