52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Lee MORRIS, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden; Attorney General of California,
Respondents-Appellees.
 No. 94-55178.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Oscar Lee Morris appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Morris contends that the evidence at his trial was insufficient to support the elements of deliberation and premeditation on his first degree murder conviction. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. We review the denial of a habeas petition de novo, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993), and we affirm.
 
 
 3
 Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); McMillan v. Gomez, 19 F.3d 465, 469 (9th Cir.1994). "[T]he prosecution need not affirmatively 'rule out every hypothesis except that of guilt,' " and if the record could support conflicting inferences we presume that the factfinder resolved such conflicts in favor of the prosecution. Wright v. West, 112 S.Ct. 2482, 2492-93 (1992) (quoting Jackson, 443 U.S. at 326); see Taylor v. Stainer, 31 F.3d 907, 908-09 (9th Cir.1994). Sufficiency claims are judged by looking at the elements of the crime under state law. Jackson, 443 U.S. at 324 n. 16; Panther v. Hames, 991 F.2d 576, 581 (9th Cir.1993).
 
 
 4
 Under California law, a premeditated and deliberate killing means that the murder was "considered beforehand" and was "a result of careful thought and weighing of considerations for and against the proposed course of action." People v. Perez, 831 P.2d 1159, 1162 (Cal.1992) (citation and internal quotations omitted). Generally, the three categories of evidence considered pertinent to a determination of whether sufficient evidence of premeditation and deliberation exists are planning activity, motive, and a methodical killing. See People v. Proctor, 842 P.2d 1100, 1115 (Cal.1992), aff'd on other grounds sub nom., Tuilaepa v. California, 114 S.Ct. 2630 (1994); People v. Thomas, 828 P.2d 101, 114 (Cal.1992), cert. denied, 113 S.Ct. 1006 (1993). The categories, however, are merely descriptive, and they need not "be present in some special combination or ... be accorded a particular weight, nor is the list exhaustive." People v. Pride, 833 P.2d 643, 674 (Cal.1992), cert. denied, 113 S.Ct. 1323 (1993); see Perez, 831 P.2d at 1163.
 
 
 5
 The evidence, examined in the light most favorable to the prosecution, shows that Morris shot William Maxwell early one morning in a public restroom next to the beach. Morris stood in the doorway of the restroom and fired inside at least five times. Maxwell was nude except for his shoes and socks, and the two bullets that struck him were fired into his lower abdomen and forehead from a distance of two to eight inches. Morris ran to a car that he had parked nearby, taking the gun and one of Maxwell's credit cards with him. Morris tried to use the credit card a few days after the murder.
 
 
 6
 The restroom was not only known as a meeting place for gay men to have sex, but was also notorious for robberies occurring there. A few months after the murder Morris told an acquaintance, Joe West, that he had been making money by dates "with these homosexuals," and that "he had to kill one." Morris gave West the gun he used, and told West not to touch it, because he "just killed a white boy with it."
 
 
 7
 The California Supreme Court observed, "the exact motive for the killing does not appear." People v. Morris, 756 P.2d 843, 856 (Cal.1988). Although the district court found a robbery or theft motive for the killing, we hold that sufficient evidence of premeditation and deliberation exists without determining if a motive for the murder exists. See Thomas, 828 P.2d at 116 (senseless, random, but premeditated killing supports first degree murder conviction, even if no proof of specific motive).
 
 
 8
 Morris's acts of parking his car nearby so he could escape easily and of carrying the gun to the restroom are strong evidence of planning activity. Although Morris claims that no evidence shows that he, and not Maxwell owned or possessed the gun, the fact that Morris carried the gun away and later asked West to hold it leads to a reasonable inference that the gun belonged to Morris. No evidence suggests that Maxwell owned a gun. A reasonable jury could resolve any conflicting inferences by finding that Morris brought the gun to the restroom. See Wright, 112 S.Ct. at 2492-93. Moreover, a reasonable jury could find that, by carrying a loaded gun to an isolated location and subsequently using it to kill, Morris must have considered the possibility of murder.
 
 
 9
 A reasonable jury could also infer a methodical manner of killing from the fact that Morris shot Maxwell in the head and abdomen from as close as two inches. The "volley" of five shots does not render this inference unreasonable. Finally, a jury could reasonably infer that Morris deliberated about the most propitious method to kill by shooting Maxwell from the doorway while Maxwell was nude, both circumstances rendering Maxwell vulnerable.
 
 
 10
 Morris's planning activity and the methodical manner in which he killed establishes that he considered and weighed the killing beforehand. See Pride, 833 P.2d at 674; Perez, 831 P.2d at 1163; Thomas, 828 P.2d at 115-16. The evidence supporting the elements of premeditation and deliberation was sufficient to allow a reasonable jury to convict him. See Wright, 112 S.Ct. at 2492-93; Jackson, 443 U.S. at 319; McMillan, 19 F.3d 465 at 469.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3