**Daniel C. HERMAN, Petitioner—Appellant,**

v.

**Craig TURNBULL, Respondent—Appellee.**

No. 05–35681.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2007.*
Filed Aug. 3, 2007.

Lance C. Wells, Esq., Law Offices of Lance C. Wells, P.C., Anchorage, AK, for Petitioner–Appellant.

Diane L. Wendlandt, Esq., Office of the Alaska Attorney General, Special Prosecutions & Appeals Division, Anchorage, AK, for Respondent–Appellee.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Daniel Herman, an Alaska state prisoner, appeals *pro se* the district court's denial

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herman was convicted of second degree murder arising from the stabbing death of Clint Cole in Herman's home in Red Devil, Alaska. The Alaska Court of Appeals denied Herman's appeal, and the Alaska Supreme Court summarily denied his petition for rehearing. To obtain relief under § 2254, Herman must show that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We review the decision of the Alaska Court of Appeals as the last reasoned decision of the state court. *Ylst v. Nunnemaker,* 501 U.S. 797, 804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ The certified issue is whether the state court violated Herman's federal constitutional rights by allowing the jury to use a "variable speed" tape recorder during deliberations to listen to a tape recording of a conversation between Herman and a state trooper that occurred shortly after the homicide, and which tape was admitted as evidence and played to the jury during the trial. The Alaska Court of Appeals denied Herman's claim, noting that the trial judge gave a cautionary instruction warning the jury that "the voices might be distorted if played at a slower speed" and concluding that there was no abuse of discretion in permitting the use of the variable speed tape recorder. Herman argues that allowing the jury to review the tape recording unsupervised on a variable speed tape recorder violated (1) his Confrontation Clause rights by allowing "new" evidence to go into the jury room, and (2) his due process rights to a fundamentally

fair trial. Herman did not object to admission of the taped conversation or to the original tape recorder given to the jury. He objected only to the later use of a variable speed tape recorder. We agree with the district court that the Alaska Court of Appeals decision rejecting this claim was not contrary to, or an objectively unreasonable application of, clearly established federal law, and therefore, we deny relief on this claim. *Cf. United States v. Brewer,* 783 F.2d 841, 843 (9th Cir.1986) (upholding on direct appeal use of magnifying glass by the jury to examine photographic evidence during deliberations, even without the court's knowledge); *United States v. George,* 56 F.3d 1078, 1084 (9th Cir.1995) (holding on direct appeal that no "new evidence" resulted from jurors' use of magnifying glass to examine fingerprint cards and gun).

Herman also raises three uncertified issues, which we construe as a motion to expand the Certificate of Appealability ("COA"). *See* 9th Cir. R. 22–1(e). "The required showing for originally obtaining a COA on a claim remains the standard by which this court reviews the broadening of a COA. A habeas petitioner's assertion of a claim must make a 'substantial showing of the denial of a constitutional right.' " *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)). To meet this requirement, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations marks and citation omitted). None of the issues meets this standard and thus we decline to expand the COA.

Herman offers no Supreme Court authority that the presentation of misleading evidence to the Alaska grand jury rendered the proceeding fundamentally unfair and therefore violated his due process rights. *See Panther v. Hames,* 991 F.2d 576, 582 (9th Cir.1993) (holding that prosecutorial misconduct in presenting false evidence to the grand jury did not render grand jury proceeding fundamentally unfair in violation of due process).

The second uncertified issue centers on the trial court's refusal to give a hybrid accident/self-defense jury instruction. Herman does not dispute that the jury instructions as to the elements of the offense and self-defense were proper. There is no federal constitutional right to a defendant's particular jury instruction. *See Duckett v. Godinez,* 67 F.3d 734, 744–45 (9th Cir.1995) (rejecting defendant's claim in a § 2254 petition that he was entitled to a particular jury instruction).

The third uncertified issue is that the trial court erred in admitting evidence of the victim's peacefulness. Herman concedes the admissibility of the evidence, but argues that the order of proof violated Alaska Evidence Rule 404(a)(2). No "clearly established federal law" provides that the order of proof at trial violated Herman's federal due process rights.

**AFFIRMED.**

## ORDER

This case is ordered submitted without oral argument as of August 1, 2007, *see* Fed. R.App. P. 34(a)(2), and is decided in a concurrently filed memorandum disposition.