**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK L. EDWARDS,

        Petitioner-Appellant,

  v.

GARY SWARTHOUT, Warden,

        Respondent-Appellee.

No. 12-16541

D.C. No. 4:10-cv-04923-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 6, 2013
San Francisco, California

Before: TROTT and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

California state prisoner Mark L. Edwards appeals from the district court's

denial of his petition for a writ of habeas corpus and argues that the state court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

decision affirming his conviction was "contrary to" federal law.  *See* 28 U.S.C.

§ 2254(d)(1).  We affirm.

Edwards first asserts that the phrase "great bodily injury" as used in his

sentence enhancement is unconstitutionally vague.  Edwards's contention is

without merit.  As the California Court of Appeals properly found, the phrase

"great bodily injury" has a well-settled, common-law meaning and is therefore not

void for vagueness.  *See Panther v. Hames*, 991 F.2d 576, 578 (9th Cir. 1993)

("When a term has a well-settled common law meaning, it will not violate due

process 'notwithstanding an element of degree in the definition as to which

estimates might differ.'" (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391

(1926))); *see also Butler v. O'Brien*, 663 F.3d 514, 521 (1st Cir. 2011) (holding

that the common usage of the phrase "serious bodily injury" afforded sufficient

clarity to comport with due process).

Edwards next argues that the three-year sentencing enhancements he

received for personally inflicting serious bodily injury constituted double jeopardy.

We disagree.  The California appellate court properly concluded that sentencing

enhancements are not "multiple punishments" within the meaning of the double

jeopardy prohibition.  *See Monge v. California*, 524 U.S. 721, 728 (1998); *Witte v.*

*United States*, 515 U.S. 389, 397 (1995).

**AFFIRMED.**