MATTER OF PATEL

In Deportation Proceedings

A–20316944

*Decided by Board March 20, 1975*

An alien seeking voluntary departure under section 244(e) of the Immigration and Nationality Act must establish that he has been a person of good moral character as defined in section 101(f)(3) of the Act, for at least five years prior to the application for voluntary departure. Conviction of a crime involving moral turpitude as contemplated in section 212(a)(9) of the Act within the statutory period precludes a finding of good moral character unless the conviction was for a petty offense as measured by the sentence imposed. Where respondent was convicted of the crime of receiving stolen property and sentenced to imprisonment in the state prison, the offense is a felony involving moral turpitude and the respondent is not eligible for voluntary departure, notwithstanding the sentence was suspended and respondent was placed on probation.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer.

ON BEHALF OF RESPONDENT:  Milton T. Simmons, Esquire
517 Washington Street
San Francisco, California 94111

This is an appeal from an order of an immigration judge finding the respondent deportable and denying his application for voluntary depature. The appeal will be dismissed.

The record relates to a single male alien, 26 years of age, a native and citizen of India, who entered the United States on September 5, 1970 as a nonimmigrant student. The respondent was authorized to remain until September 4, 1973. He has remained thereafter without authority. Deportability is conceded. We find that deportability has been established by clear, convincing and unequivocal evidence.

The respondent seeks the relief of voluntary departure, pursuant to section 244(e) of the Immigration and Nationality Act. That section requires a finding that the person has been a good moral character for at least five years immediately preceding his application for voluntary departure. The Act, in its definition section, provides that:

"No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—

(3) a member of one or more of the classes of persons, whether excludable or not, described in paragraphs . . . (9) . . . of section 212(a), if the offense described therein, for which such person was convicted . . . was committed during such period . . ." section 101(f).

Section 212(a)(9) describes aliens who have been convicted of a crime involving moral turpitude, with an exception for

". . . [a]ny alien who would be excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of title 18, United States Code, by reason of the punishment actually imposed, . . . ."

The respondent was convicted in the California Superior Court for the City and County of San Francisco of the crime of receiving stolen property (two counts) in violation of section 496.1 of the California Penal Code. The offense occurred during August or September of 1973. The crime of receiving stolen property involves moral turpitude, if knowledge that the goods were stolen is an element of the offense, *Matter of R—*, 6 I. & N. Dec. 772 (BIA 1955); *Matter of Z—*, 7 I. & N. Dec. 253 (BIA 1956). The California statute involved here requires knowledge that the goods were stolen; therefore, it involves moral turpitude. The respondent contends that by reason of the punishment actually imposed, his conviction is within the exception of section 212(a)(9) above.

California has a system whereby alternative punishment is provided for many offenses. Determination of whether such an offense is a felony or a misdemeanor depends upon the punishment imposed.

"(a) A felony is a crime which is punishable with death or by imprisonment in the state prison . . . .

(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

(1) After a judgment imposing a punishment other than imprisonment in the state prison."
Section 17 of the California Penal Code.

The offense of which the respondent was convicted provides for alternative sentences of imprisonment either in the state prison or in the county jail, California Penal Code, section 296.1. The respondent contends that although he was sentenced to imprisonment in the state prison, the judge suspended that sentence and imposed another punishment, making the offense a misdemeanor, pursuant to section 17(b)(1) above.

The order of the judge sentencing the respondent reads as follows:

"It is therefore ordered, adjudged and decreed that he be punished by imprisonment in the State Prison for the term provided by law. It is further ordered that execution of said sentence be suspended and:

213

It is ordered that he be placed on Probation for a period of THREE (3) YEARS AND, as a condition of Probation, that he be confinefin the County Jail of the City and County of San Francisco, State of California, for the term of SIX MONTHS . . . ."

Counsel's contention that the punishment is distinguishable from the sentence is without merit.

"As to a crime which may be either a misdemeanor or a felony, depending upon the punishment imposed therefor (Penal Code, §17), it is the punishment specified by the sentence which determines the character of the crime 'for all purposes' (§17) . . . ." *People v. Hamilton*, 33 Cal.2d 45, 198 P.2d 873 (1948).

Suspending the execution of the sentence and granting probation do not nullify the fact that the punishment actually imposed by the sentence was imprisonment in the state prison.

"It is also clear that when a crime is punishable by imprisonment in the state prison, or in the discretion of the court by imprisonment in the county jail, the actual punishment ordered is the test . . . . Thus no problem is presented when sentence is actually imposed, *even though the defendant is granted probation." Meyer v. Superior Court, In and For County of Sacramento*, 55 Cal. Rptr. 350, 247 C.A.2d 133 (Ct. of App., 5th Dist. 1966). (Emphasis supplied.)

Granting probation to a person sentenced to imprisonment in the state prison does not affect that person's legal status as a person who has been convicted of a felony, *People v. Brasley*, 115 Cal. Rptr. 910, 912, 41 Cal. App. 3d 311 (Ct. of App. 1st Dist., Div. 1, 1974). By granting probation and withholding commitment the court retains jurisdiction over the defendant under the probation procedures, *People v. Brasley*, supra. California law permits imprisonment in the county jail as a condition of probation, section 1203.1, California Penal Code. The provision in the judge's order requiring the respondent to spend six months in the county jail was a condition of probation, and not the punishment actually imposed.

Accordingly, we agree with the immigration judge's decision to deny voluntary departure. The respondent is statutorily ineligible for it under section 101(f)(3), as a person excludable under section 212(a)(9). We reject the contention that the respondent was convicted of a misdemeanor. He was sentenced to the state prison. Under California law, sentence to the state prison operates to classify an offense as a felony. Accordingly, the respondent has not established that he has been a person of good moral character during the five years which precede his application for voluntary departure.

ORDER: The appeal is dismissed.