## MATTER OF SALVAIL

### In Deportation Proceedings

### A–21137490

*Decided by Board July 3, 1979*

(1) A conviction under Article 296 of the Criminal Code of Canada for possession of stolen goods is a conviction for a crime involving moral turpitude, as it specifically requires knowledge of the stolen nature of the goods.

(2) A conviction under Article 296 of the Criminal Code of Canada is a conviction for a felony, as the maximum prison term that can be imposed exceeds one year, and the mandatory misdemeanor/petty offense waiver of section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(9), is inapplicable, regardless of the punishment actually imposed.

(3) The respondent is excludable under section 212(a)(9) of the Act because he was convicted in 1965 for two violations of Article 296 of the Criminal Code of Canada, and the conviction record shows that an element of this charge was his knowledge of the stolen nature of the goods.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under sec. 212(a)(9) [8 U.S.C. 1182(a)(9)]—convicted of crime prior to entry

ON BEHALF OF RESPONDENT:
Henry H. Held, Esquire
The Held Building
1900 S.W. 3rd Avenue
Miami, Florida 33129

ON BEHALF OF SERVICE:
Robert Lee Erwin
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated January 17, 1979, an immigration judge found the respondent deportable as charged and ordered him deported. The respondent appeals. The appeal will be dismissed.

The respondent is a 37-year-old native and citizen of Canada. He last entered the United States on October 27, 1978. On November 2, 1978, an Order to Show Cause was issued charging him with deportability under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as one excludable at time of entry for having been convicted of a crime involving moral turpitude under section 212(a)(9)

19

of the Act, 8 U.S.C. 1182(a)(9). The specific offenses alleged involved conviction on two charges in Canada for possession of stolen goods, knowing that the goods were stolen. The immigration judge found that the offenses committed involved moral turpitude under United States standards. He also found that the respondent was ineligible for a petty offense waiver under section 212(a)(9) of the Act because he had been convicted of two crimes involving moral turpitude and the petty offense exemption was not available to him. He also denied his application for voluntary departure because he found him to be statutorily ineligible under section 101(f)(3) of the Act, 8 U.S.C. 1101(f)(3), which barred a finding of good moral character under section 244(e) of the Act, 8 U.S.C. 1254(e).

On appeal, the respondent claims that the convictions arose out of a single act and therefore did not constitute two convictions. He also claims that the first conviction was for possession of stolen goods without knowledge and that this conviction was therefore not an offense involving moral turpitude. The final claim is that the second conviction was for a petty offense. Although the respondent concedes that a conviction was had for knowing possession of stolen goods, he asserts that the Board should evaluate the circumstances of the convictions, but without going behind the convictions.

After reviewing the record, we have concluded that the respondent is deportable as charged. The "Affidavits of Culpability" which have been provided show that the respondent was convicted on two charges of violation of Article 296 of the Criminal Code of Canada. This article states:

> Everyone commits an offense who has anything in his possession knowing that it was obtained
>
> (a) by the commission in Canada of an offense punishable by indictment, or
>
> (b) by an act or omission anywhere that, if it had occurred in Canada, would have constituted an offense punishable by indictment.

The "Affidavits of Culpability" both state that the respondent "illegally had in his possession" certain goods of a total value of approximately $450 and $170, knowing that the goods "had been obtained by means of theft." The respondent pleaded guilty to the charges and was sentenced to one day in jail and a total fine of $600.

Conviction under this statute is a conviction for a crime involving moral turpitude, as it specifically requires knowledge of the stolen nature of the goods. *Wadman v. INS*, 329 F.2d 812 (9 Cir. 1964) (England); *Matter of G—*, 2 I&N Dec. 235 (BIA 1940) (Canada, predecessor statute). Although the respondent now contends that, at least in the first instance, there was no knowledge on his part, this issue has been resolved by the conviction and the Board will not in essence re-try his case where the record of conviction amply shows that the necessary elements of possession and knowledge of the stolen nature of the goods

were alleged and found to have been proven, establishing that the convictions were for crimes involving moral turpitude.

Under Section 297 of the Criminal Code of Canada,

Everyone who commits an offense under section 296 is guilty of an indictable offense and is liable

(a) to imprisonment for ten years, where the property that comes into his possession is a testamentary instrument or where the value of what comes into his possession exceeds fifty dollars, or

(b) to imprisonment for two years, where the value of what comes into his possession does not exceed fifty dollars. (Amended 1972, to $200; 1972 Can. C. 13, S. 28.)

In light of the sentence that can be imposed for the offense, the points raised by both the respondent and the Service concerning the petty offense exemption and whether or not the conviction arose from a single act are rendered irrelevant. Under section 212(a)(9) of the Act, if the maximum prison term that can be imposed exceeds one year, the crime is considered a felony and the mandatory misdemeanor/petty offense waiver of this section is inapplicable, regardless of the amount of punishment actually imposed. This conclusion also renders any discussion of the number of convictions irrelevant, as only one conviction is sufficient to bar the respondent from admission under section 212(a)(9) of the Act. The record is abundantly clear that there has been at least one such conviction and the respondent is therefore excludable and deportable on this charge.

The only relief from deportation for which the respondent has applied is voluntary departure. Under section 244(e) of the Act, in order to qualify for this relief, he must establish that he has been a person of good moral character for at least 5 years preceding his application for voluntary departure. The immigration judge found him statutorily barred from this relief under section 101(f)(3) of the Act as a result of his convictions. The offenses were committed in 1965, and the application for voluntary departure was made on November 16, 1978, over 13 years later. Section 101(f)(3) is therefore not a statutory bar to voluntary departure because of the time that has lapsed since the offenses. Because there is no other evidence in the record that the respondent does not warrant such relief, we shall grant him voluntary departure.

ORDER: The appeal is dismissed.

FURTHER ORDER: The outstanding order of deportation is withdrawn and, in lieu of an order of deportation, the respondent is allowed to depart voluntarily, without expense to the Government, within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director and under such conditions as he may direct. In the event of the respondent's failure to so depart, the order of deportation will be reinstated and executed.