## MATTER OF WOJTKOW

### In Deportation Proceedings

### A-13934122

*Decided by Board September 10,·1981*

1) Pursuant to section 125.15(1) of the Penal Law of New York, a person is guilty of manslaughter in the second degree when "he recklessly causes the death of another person."

(2) A person acts "recklessly" when he is aware of and consciously disregards a substantial and unjustifiable risk, which constitutes a gross deviation from the standard of conduct a reasonable person would observe in the situation. New York Penal Law, section 15.05(3).

(3) A conviction for second degree manslaughter under section 125.15(1) of the Penal Law of New York is a crime involving moral turpitude. *Matter of Medina*, 15 I&N Dec. 611 (BIA 1976), *followed; Matter of Gantus-Bobadilla*, 13 I&N Dec. 7 (BIA 1971), *modified.*

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Returning resident—convicted of a crime involving moral turpitude

ON BEHALF OF RESPONDENT:
Isabel Gillebaard, Representative
International Institute
864 Delaware Avenue
Buffalo, New York 14209

ON BEHALF OF SERVICE:
James W. Grable
Chief Legal Officer

BY: Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

This case is before us on certification by the immigration judge for review of his decision dated June 19, 1981, wherein he found the respondent ineligible for the privilege of voluntary departure; denied his applications for a waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c), as amended, asylum, and withholding of deportation, pursuant to section 243(h) of the Act, 8 U.S.C. 1253(h); but ordered termination of these proceedings. The decision of the immigration judge insofar as it ordered the proceedings terminated will be reversed.

The respondent is a native and citizen of Poland, age 29, who was admitted to the United States in August 1973 as a returning resident. He had initially entered this country in 1965. The respondent was indicted for the murder of his aunt, Mary Tabachewsky, on January 5, 1974, but

111

later pleaded guilty before trial to the lesser crime of manslaugher, second degree.[1] Thereafter, he served 4½ years of a 7-year prison sentence.[2] On August 14, 1978, the Service issued an Order to Show Cause charging the respondent with being deportable under section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4).

The immigration judge found, *inter alia,* that he was "reluctantly bound" to conclude that the respondent's conviction under section 125.15(1) of the New York Penal Law did not involve moral turpitude in view of this Board's decision in *Matter of Gantus-Bobadilla,* 13 I&N Dec. 7 (BIA 1971). In *Matter of Gantus-Bobadilla,* the Board held that a conviction under section 125.15(1) did not involve moral turpitude. The immigration judge's finding was inconsistent with that of the District Director who earlier, in denying the respondent's application for asylum on July 23, 1979, had concluded that a conviction under section 125. 15(1) "constitutes conviction of a crime involving moral turpitude," citing *Matter of Medina,* 15 I&N Dec. 611 (BIA 1976). In view of the immigration judge's above finding, he ordered these proceedings "terminated for lack of proof of deportability" and certified this matter to the Board for final decision.

Upon review of the record, including briefs submitted by both parties, we find that the decision of the immigration judge should be reversed. In *Matter of Medina, supra,* the Board reconsidered its position taken in *Matter of Gantus-Bobadilla, supra,* and concluded that "moral turpitude can lie in criminally reckless conduct." We further noted that under Illinois law "recklessness" arises only where a person "consciously disregards a substantial and unjustifiable risk" and such disregard "constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." We held that such criminal reckless conduct did involve moral turpitude.

The definitions of "recklessness" at issue in *Matter of Medina, supra,* involving Illinois law and in *Matter of Gantus-Bobadilla, supra,* involving New York law are essentially identical. Section 15.05(3) of the New York Penal Law defines under "Culpability":

> "Recklessly." A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is *aware of and consciously disregards a substantial and unjustifiable risk* that such result will occur or that such

---

[1] Pursuant to section 125.15(1) of the Penal Law of New York, a person is guilty of manslaughter in the second degree when "he recklessly causes the death of another person."

[2] The respondent was later found guilty of issuing a bad check in Johnson City, New York, while unemployed (Exs. 8 and 9), and was in the process of making restitution in the amount of $374.46 at the time of the hearing in June 1981 (Tr. pp. 29, 30). The crime of issuing worthless checks involves moral turpitude if a conviction can only be obtained where intent to defraud is proven. *See Matter of Zangwill,* 18 I&N Dec. 22 (BIA 1981).

circumstance exists. The risk must be of such nature and degree that disregard thereof *constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.* A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto. (Emphasis added.)

Accordingly, we recede from *Matter of Gantus-Bobadilla* insofar as that case held that a conviction under section 125.15(1) of the New York Penal Law does not involve moral turpitude. We find that a conviction under section 125.15(1) does involve moral turpitude.[3]

We note that *Mongiovi v. Karnuth,* 30 F.2d 825 (D.C. W.D.N.Y 1929), which was relied upon in *Gantus-Bobadilla, supra,* involved a 1923 New York conviction for second degree manslaughter. The law then in effect in New York in relevant part defined second degree manslaughter as a crime committed without design to effect death:

3. By any act, procurement or *culpable negligence* of any person, which, according to the provisions of this article, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree. (Emphasis added.)[4]

The differences between the prior law and section 125.15(1) were neither acknowledged nor discussed in *Gantus-Bobadilla, supra.*

We conclude that the respondent's New York conviction for second degree manslaughter did involve moral turpitude and that his deportability has been established by clear, convincing, and unequivocal evidence. The respondent has failed to establish his eligibility for any form of discretionary relief. Accordingly, the decision of the immigration judge will be reversed and the respondent will be ordered deported to Poland.

ORDER: The decision of the immigration judge is reversed and the respondent shall be deported to Poland.

---

[3] *Compare* section 125.10 of the New York Penal Law regarding the crime of "criminally negligent homicide," a Class E felony punishable by a term of imprisonment not to exceed 4 years. A conviction under section 125.15(1) is a Class C felony punishable by a term of imprisonment not to exceed 15 years.

[4] Section 1052 of the 1909 Penal Law of New York.