8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio GUTIERREZ-CHAVEZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Oct. 6, 1993.
 
 Before: SCHROEDER, FLETCHER and ALCARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Gutierrez-Chavez (Gutierrez) seeks review of the Board of Immigration Appeals' (BIA) final order affirming the immigration judge's (IJ) order of deportation. The IJ determined that Gutierrez's conviction for second degree theft involved moral turpitude, and he was therefore statutorily precluded from seeking voluntary departure under 8 U.S.C. § 1254(e). 8 U.S.C. § 1101(f)(3). The BIA affirmed the IJ's denial of voluntary departure as a matter of law. We affirm because we have concluded that Gutierrez was statutorily ineligible for voluntary departure.
 
 I.
 
 3
 Gutierrez last entered this country, without inspection, on October 1, 1989. On September 5, 1986, Gutierrez pled no contest to a charge of theft in the second degree, in violation of Alaska Statutes section 11.46.130(a)(2). Gutierrez also had prior convictions for fourth degree assault, refusal to submit to a breathalyzer test, and driving under a suspended license.
 
 
 4
 In December 1989, a joint FBI, INS, and local police surveillance of the Gutierrez home during a drug sales investigation led to the arrest of a man seen leaving the home. The FBI and INS then visited Gutierrez's home. At that time, Gutierrez admitted that he was in the country illegally. The INS then began the deportation proceedings under review.
 
 
 5
 The INS charged Gutierrez with deportability on two grounds. First, Gutierrez was charged with deportability under 8 U.S.C. § 1251(a)(1)(A) because he was excludable under 8 U.S.C. § 1182(a)(9) for having been convicted of theft in the second degree, a crime involving moral turpitude. Second, Gutierrez was charged with deportability under 8 U.S.C. § 1251(a)(1)(B) for entering the United States without inspection. Gutierrez admitted deportability on the charge of entering without inspection, but denied that his conviction for second degree theft involved moral turpitude. Gutierrez also applied for voluntary departure under 8 U.S.C. § 1254(e).
 
 
 6
 Certified copies of Gutierrez's second degree theft conviction, as well as his other convictions, were provided to the IJ. On June 19, 1990, the IJ found Gutierrez deportable for having entered the United States without inspection. The IJ further held that because Gutierrez's conviction for second degree theft constituted a crime of moral turpitude, he was statutorily ineligible for voluntary departure. Alternatively, the IJ denied voluntary departure in the exercise of his discretion. Gutierrez appealed to the BIA, contending both that the IJ erred in finding Gutierrez statutorily ineligible for voluntary departure, and that he abused his discretion by denying voluntary departure.
 
 
 7
 The BIA affirmed the IJ's conclusion that Gutierrez's Alaskan conviction for theft in the second degree involved moral turpitude. Based on its conclusion, the BIA held that Gutierrez was statutorily ineligible for voluntary departure.
 
 II.
 
 8
 Gutierrez contends that his Alaska conviction for second degree theft is not a crime of moral turpitude. He argues that to constitute a crime involving moral turpitude under 8 U.S.C. § 1182(a)(9), guilty knowledge or evil intent must be an essential element of the corpus delicti. The crime of theft in the second degree under Alaska law may be demonstrated by proof that the defendant acted recklessly. Alaska Stat. §§ 11.46.130(a), 11.46.190(a).
 
 
 9
 The question whether a conviction in Alaska for "theft in the second degree" is a crime of moral turpitude is a question of law. United States v. Chu Kong Yin, 935 F.2d 990, 1003-1004 (9th Cir.1991). We review BIA decisions which involve questions of law de novo. De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991) (per curiam).
 
 
 10
 Aliens "who have been convicted of a crime involving moral turpitude" are excludable under 8 U.S.C. § 1182(a)(9), and therefore, deportable under 8 U.S.C. § 1251(a)(1)(A). The crime must necessarily or inherently involve moral turpitude before deportation can be ordered. Wadman v. INS, 329 F.2d 812, 814 (9th Cir.1964) (emphasis added). We have held moral turpitude is shown when evil motive or bad purpose is part of the crime. Tseung Chu v. Cornell, 247 F.2d 929, 934 (9th Cir.), cert. denied, 355 U.S. 892 (1957). We have previously stated that "theft[s] [are] crime[s] of moral turpitude." United States v. Villa-Fabela, 882 F.2d 434, 440 (9th Cir.1989), overruled on other grounds, U.S. v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992) (en banc); see Chiaramonte v. INS, 626 F.2d 1093, 1097 (2d Cir.1980) (stating that every circuit which has addressed the issue has held that theft crimes, "however they may be technically translated into domestic penal provisions, are presumed to involve moral turpitude.") In Villa-Fabela, we held that a conviction for theft in the second degree in Alaska and incarceration for sixteen months rendered the alien ineligible for both suspension of deportation under 8 U.S.C. § 1254(a)(1) and voluntary departure under 8 U.S.C. § 1254(e). Villa-Fabela, 882 F.2d at 438-439. However, in Villa-Fabela we did not discuss the mental state required for a conviction under Alaska Statutes section 11.46.100. Thus, we did not reach the question whether recklessness is sufficient to constitute moral turpitude.
 
 
 11
 We have not previously decided whether a theft conviction under a statute which requires only proof of recklessness will suffice to constitute a crime involving moral turpitude. We have held, however, that the question of whether a crime involves moral turpitude is "determined by the statutory definition or by the nature of the crime not by the specific conduct that resulted in the conviction." McNaughton v. INS, 612 F.2d 457, 459 (9th Cir.1980) (per curiam). In examining a criminal statute, we have inquired whether the statute contains an element of guilty knowledge or evil intent before imposing the harsh consequence of deportation. See Wadman, 329 F.2d at 814 (stating that where guilty knowledge was an essential element of the crime, moral turpitude was present); Hirsch v. INS, 308 F.2d 562, 567 (9th Cir.1962) (stating that a crime which did not necessarily involve evil intent was not necessarily a crime of moral turpitude); Lennon v. INS, 527 F.2d 187, 194 (2d Cir.1975) (stating that Congress would not have imposed an excludable alien classification upon one convicted under a law which made guilty knowledge irrelevant); Matter of P, 2 I & N Dec. 117, 121 (BIA 1944) ("It is in the intent that moral turpitude inheres.")
 
 
 12
 Gutierrez was convicted of recklessly receiving a stolen gun, a crime of second degree theft under Alaska Statutes section 11.46.130(a), which provides, in pertinent part: "A person commits the crime of theft in the second degree if the person commits theft as defined in AS 11.46.100 and ... the property is a firearm." Alaska Stat. § 11.46.130(a). Section 11.46.100(4) defines theft as "theft by receiving under AS 11.46.190." Alaska Stat. § 11.46.100(4). In Alaska, a person is guilty of theft by receiving "if the person buys, receives, retains, conceals, or disposes of stolen property with reckless disregard that the property was stolen." Alaska Stat. § 11.46.190(a) (emphasis added). Alaska law provides the following definition of recklessness:
 
 
 13
 (3) [A] person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation....
 
 
 14
 Alaska Stat. § 11.81.900(3).
 
 
 15
 The Alaska courts have interpreted the theft by receiving statute to contain both an element of guilty knowledge and an implied element of intent to deprive the owner of property which has been stolen. Andrew v. State, 653 P.2d 1063, 1065 (Alaska Ct.App.1982). In Andrew, the court examined Alaska's theft by receiving statute in light of the statutory definition of recklessness to determine if it was unconstitutionally vague or dispensed with criminal intent as an element of theft by receiving. The court held that the definition of recklessness was not unconstitutionally vague. Id. The court reasoned:
 
 
 16
 First, the state must establish that, under all the circumstances in evidence, the risk that the property in question was stolen was so great "that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation...." This facet of recklessness is objectively based. Second, the state must further prove actual awareness by the accused of the risk that the subject property is stolen. This second facet of recklessness requires subjective knowledge of the risk by the accused before conviction can be had under AS 11.46.190.
 
 
 17
 Id. (footnote omitted) (emphasis added).
 
 
 18
 The court also rejected the appellant's argument that theft by receiving with reckless disregard of the property's stolen nature was essentially a strict liability offense. Id. at 1066. The court held that the "requirement of an intent by the accused to deprive the owner of property which has been stolen must be implied as an element of criminal intent under AS 11.46.190." Id. (emphasis added). Under Alaska's interpretation of its theft by receiving statute, a conviction under the statute suffices to meet the requirements of a crime involving moral turpitude because guilty knowledge and evil intent are elements of the crime.
 
 
 19
 The BIA has held that a conviction based on criminal recklessness is sufficient to constitute a crime of moral turpitude. Matter of Wojtkow, 18 I & N Dec. 111 (BIA 1981); Matter of Medina, 15 I & N Dec. 611 (BIA 1976). In Wojtkow, the BIA held that a conviction of second degree manslaughter in New York was a crime of moral turpitude when the alien "recklessly" caused a person's death. Wojtkow, 18 I & N Dec. at 112. The definition of recklessness in the New York statute was essentially the same as Alaska's statutory definition of that term.[1]
 
 
 20
 In Medina, the BIA examined a conviction for aggravated assault under an Illinois statute which required at least recklessness as the element of mens rea. Medina, 15 I & N Dec. at 612-613. The Illinois statutory definition of recklessness in Medina is essentially identical to Alaska's.[2] The BIA noted that "[t]his definition of recklessness requires an actual awareness of the risk created by the criminal violator's action." Id. at 614. The BIA further noted that despite the statute's failure to "require a specific intent to cause a particular harm, the violator must show a willingness to commit the act in disregard of the perceived risk." Id. The BIA held that this criminally reckless conduct was a basis for finding moral turpitude. Id.
 
 
 21
 Gutierrez relies on several cases to support his contention that proof of actual knowledge is essential to demonstrate that the crime involves moral turpitude. His reliance on these cases is misplaced because the theft by receiving statutes under which the petitioners were convicted explicitly required proof of guilty knowledge. Thus, these decisions do not reach the question whether recklessness will suffice to establish moral turpitude.
 
 
 22
 In Wadman v. INS, 329 F.2d 812 (9th Cir.1964), we reviewed a BIA decision finding that an alien was statutorily ineligible for voluntary departure because he had been convicted of a crime involving moral turpitude, knowingly receiving stolen property. Id. at 813. The statute under which the alien was convicted provided that "every person who receives any property knowing the same to have been stolen or obtained in any way whatsoever under circumstances which amount to felony or misdemeanor, shall be guilty...." Id. at 813-814 (citing to § 33(1) of the Larceny Act of Great Britain). We held that knowingly receiving stolen property was a crime involving moral turpitude. Id. at 814.
 
 
 23
 In Matter of Salvail, 17 I & N Dec. 19 (BIA 1979), the BIA was called upon to determine whether a statutory definition of possession of stolen goods which specifically required proof of knowledge of the stolen nature of the goods. Id. at 20. The BIA held that conviction under a statute which specifically requires knowledge that the property was stolen involves moral turpitude. Id.
 
 
 24
 Similarly, in Matter of Patel, 15 I & N Dec. 212 (BIA 1975), the statute defining the crime of receiving stolen property required knowledge that the property was stolen. Id. at 213. The BIA held that if knowledge of the property's stolen nature is an element of the offense, then it involved moral turpitude. Id.
 
 
 25
 We hold that "buying stolen property with reckless disregard that it was stolen" constitutes a crime of moral turpitude because the statutory definition of recklessness imposes a requirement that the state prove that an accused was actually aware of the risk that the property was stolen. Moreover, Alaska courts have construed the statute to contain an implied element of intent permanently to deprive an owner of property which has been stolen. Our holding is consistent with the BIA's decisions that crimes requiring proof of reckless conduct involve moral turpitude. Wojtkow, 18 I & N Dec. at 112; Medina, 15 I & N Dec. at 613.
 
 III.
 
 26
 Because we hold that theft by receiving with reckless disregard of the property's stolen nature is a crime involving moral turpitude, Gutierrez is not eligible for voluntary departure under 8 U.S.C. § 1254(e). 8 U.S.C. § 1101(f)(3). Therefore, we do not reach the question whether the BIA abused its discretion in denying voluntary departure.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Recklessly." A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. N.Y.Penal Law § 15.05(3)
 
 
 [2]
 A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. Ill.Rev.Stat. ch. 38, § 4-6