# Matter of O. A. HERNANDEZ, Respondent

*Decided January 8, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of "deadly conduct" in violation of section 22.05(a) of the Texas Penal Code, which punishes a person who "recklessly engages in conduct that places another in imminent danger of serious bodily injury," is categorically a crime involving moral turpitude.

FOR RESPONDENT:  Martha E. Garza, Esquire, Bellaire, Texas

BEFORE:  Board Panel:  ADKINS-BLANCH, Vice Chairman; GUENDELSBERGER, Board Member; HOFFMAN, Temporary Board Member.

HOFFMAN, Temporary Board Member:

In a decision dated April 23, 2013, an Immigration Judge found the respondent removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), denied his application for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012), and ordered him removed from the United States. The respondent has appealed from the Immigration Judge's denial of cancellation of removal. The appeal will be dismissed.

The respondent is a native and citizen of Mexico who entered the United States at an unknown date and place. On June 11, 2002, he was convicted in Texas of deadly conduct, for which he was sentenced to 90 days in the county jail. The respondent does not dispute that he was convicted of violating section 22.05(a) of the Texas Penal Code or that his offense was denominated a Class A misdemeanor.

Section 22.05 of the Texas Penal Code defines the offense of deadly conduct in pertinent part as follows:

> (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.
>     . . . .
> (e) An offense under Subsection (a) is a Class A misdemeanor.[1]

---

[1]  Under section 12.21(2) of the Texas Penal Code, a Class A misdemeanor may be punished by confinement for a term not to exceed 1 year.

The Immigration Judge determined that the respondent's conviction for deadly conduct was for a crime involving moral turpitude under section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2012), and that he was therefore ineligible for cancellation of removal under section 240A(b)(1)(C) of the Act. The respondent argues that the reckless conduct punished under section 22.05(a) of the Texas Penal Code is not a crime involving moral turpitude.

The Immigration Judge applied the analytical framework outlined in *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008), to conclude that the respondent's conviction was categorically for a crime involving moral turpitude.[2] Under the first step of that framework, we conduct a categorical inquiry to examine the statute of conviction and determine whether moral turpitude is intrinsic to all offenses that have a "realistic probability" of being prosecuted thereunder. *Id.* at 689−90, 696−98. Moral turpitude is intrinsic to an offense that necessarily involves "reprehensible conduct" committed with some form of "scienter," such as specific intent, knowledge, willfulness, or recklessness. *Id.* at 689 n.1, 706 & n.5.

"Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Nino v. Holder*, 690 F.3d 691, 694 (5th Cir. 2012) (citing *Hamdan v. INS*, 98 F.3d 183, 186 (5th Cir. 1996)); *see also Matter of E. E. Hernandez*, 26 I&N Dec. 397, 398 (BIA 2014); *Matter of Ortega-Lopez*, 26 I&N Dec. 99, 100 (BIA 2013). "[A]lthough crimes involving moral turpitude often involve an evil intent, such a specific intent is not a prerequisite to finding that a crime involves moral turpitude." *Matter of Torres-Varela*, 23 I&N Dec. 78, 83 (BIA 2001). Neither the seriousness of the offense nor the severity of the sentence imposed is determinative of whether a crime involves moral turpitude. *Matter of Serna*, 20 I&N Dec. 579, 581 (BIA 1992).

For purposes of determining that a crime involves moral turpitude, we previously have held that recklessness is a culpable mental state if it entails a conscious disregard of a substantial and unjustifiable risk posed by one's

---

[2]  After the Immigration Judge's decision in this case, the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, reversed, in part, the Attorney General's decision in *Matter of Silva-Trevino*. *Silva-Trevino v. Holder*, 742 F.3d 197, 200−05 (5th Cir. 2014) (holding that additional evidence outside the record of conviction may not be considered to resolve the question whether a crime involves moral turpitude). However, neither the Immigration Judge nor we have relied on evidence outside the record of conviction. We have instead applied the categorical approach outlined in step one of *Matter of Silva-Trevino*, with which the Fifth Circuit did not take issue.

conduct. *See Matter of Ruiz-Lopez*, 25 I&N Dec. 551, 553−54 (BIA 2011), *aff'd*, 682 F.3d 513 (6th Cir. 2012); *Matter of Franklin*, 20 I&N Dec. 867, 869−71 (BIA 1994), *aff'd*, 72 F.3d 571 (8th Cir. 1995); *Matter of Wojtkow*, 18 I&N Dec. 111, 112−13 (BIA 1981); *Matter of Medina*, 15 I&N Dec. 611, 613−14 (BIA 1976). According to section 6.03(c) of the Texas Penal Code, a person engages in reckless conduct if he or she is "aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur."[3] Thus, recklessness as defined by Texas law qualifies as a form of "scienter" sufficient to meet the standard set forth in *Matter of Silva-Trevino*.

We must next determine whether "recklessly engag[ing] in conduct that places another in imminent danger of serious bodily injury" in violation of section 22.05(a) of the Texas Penal Code is "reprehensible conduct" under *Matter of Silva-Trevino*. We have long held that statutes punishing reckless conduct resulting in death involve moral turpitude. *See Matter of Franklin*, 20 I&N Dec. at 870 (holding that involuntary manslaughter under Missouri law is a crime involving moral turpitude); *Matter of Wojtkow*, 18 I&N Dec. at 113 (holding that manslaughter in the second degree under New York law is a crime involving moral turpitude). We also have ruled that reckless conduct involving the use of a deadly weapon to commit aggravated assault under Illinois law involves moral turpitude. *Matter of Medina*, 15 I&N Dec. at 614.

The respondent argues that as the level of conscious behavior decreases from intentional to reckless conduct, "more serious resulting harm is required in order to find that the crime involves moral turpitude" and that the "reckless conduct [defined by the Texas statute] does not result in a meaningful level of harm." We disagree and conclude that recklessly placing another in "imminent danger of serious bodily harm" is "reprehensible conduct" that constitutes a crime involving moral turpitude.

In *Matter of Leal*, 26 I&N Dec. 20 (BIA 2012), *aff'd*, 771 F.3d 1140 (9th Cir. 2014), we reviewed section 13-1201(A) of the Arizona Revised

---

[3] Section 6.03(c) of the Texas Penal Code defines the term "recklessly" as follows:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

The language of the Texas statute closely aligns with the definition in section 2.02(2)(c) of the Model Penal Code.

Statutes, under which the alien was convicted of "recklessly endangering another person with a substantial risk of imminent death." We concluded that "recklessly exposing another person to a 'substantial risk of imminent death' is morally turpitudinous because it is a base act that transgresses the socially accepted rules of morality and breaches the individual's ethical duty to society." *Id.* at 25. Noting that "the actual infliction of . . . harm is not determinative of the moral turpitude question," we emphasized that a "reckless mental state [need not] be accompanied by the death or serious bodily injury of a victim in order to qualify as a crime involving moral turpitude." *Id.*

Our reasoning in *Matter of Leal* also applies to section 22.05(a) of the Texas Penal Code. The Texas deadly conduct statute prohibits reckless conduct that exposes another to "imminent" danger of "serious bodily injury," which is defined in section 1.07(a)(46) of the Texas Penal Code as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."[4] Although the offense defined in section 22.05(a) is not limited to creating a risk of "imminent death," as was the Arizona provision at issue in *Leal*, all of the potential harm risked by the reckless conduct penalized by the Texas statute is sufficiently grave to make it reprehensible. A person who acts recklessly to place another in "imminent danger of serious bodily injury" exhibits the same base contempt for the well-being of others as an individual who places another in "substantial risk of imminent death." *See Matter of Leal*, 26 I&N Dec. at 25−26. We therefore conclude that the offense of deadly conduct in violation of Texas law is categorically a crime involving moral turpitude. The Federal courts have supported this conclusion. *See, e.g.*, *Idy v. Holder*, 674 F.3d 111, 118−19 (1st Cir. 2012) (holding that recklessly engaging in conduct that places or may place another in danger of serious bodily injury under New Hampshire law is a crime involving moral turpitude); *Keungne v. U.S. Att'y Gen.*, 561 F.3d 1281, 1286−87 (11th Cir. 2009) (per curiam) (holding that recklessly endangering the bodily safety of another under Georgia law is a crime involving moral turpitude).

The respondent sought cancellation of removal under section 240(A)(b)(1) of the Act, which gives the Attorney General authority to cancel the removal of an alien if he "has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3)." Section 240A(b)(1)(C) of the Act. Section 240A(b)(1)(C) refers to offenses "described under" section 237(a)(2) of the Act. *Matter of Cortez*, 25 I&N Dec. 301, 308

---

[4] The Texas definition of "serious bodily injury" tracks the language of section 210.0(3) of the Model Penal Code.

(BIA 2010) (citing *Gonzalez-Gonzalez v. Ashcroft*, 390 F.3d 649, 652−53 (9th Cir. 2004)).  In determining which offenses are "described under" section 237(a)(2) for purposes of section 240A(b)(1)(C), "only language specifically pertaining to the criminal offense, such as the offense itself and the sentence imposed or potentially imposed, should be considered."  *Id.*

The respondent's offense is a crime involving moral turpitude for which a sentence of 1 year could have been imposed.  Tex. Penal Code Ann. § 12.21(2) (West 2013).  Even if it could qualify for the petty offense exception under section 212(a)(2) of the Act, it is an offense "described under" section 237(a)(2) for purposes of section 240A(b)(1)(C) of the Act and therefore renders the respondent ineligible for cancellation of removal.[5]  *Matter of Cortez*, 25 I&N Dec. at 307−08, 311.  Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[5]  Section 237(a)(2) describes crimes involving moral turpitude "for which a sentence of one year or longer may be imposed."  Section 237(a)(2)(A)(i)(II) of the Act.