**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2022
Decided August 2, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2870

| | |
|---|---|
| JOSE LUIS DAVILA,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A096-481-716 |
| MERRICK B. GARLAND,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Jose Luis Davila is a citizen of Mexico. Davila has resided in the United States for an unknown period. In 2016, Davila pled guilty to receiving a stolen or converted vehicle in violation of 625 Ill. Comp. Stat. 5/4-103(a)(1). The Department of Homeland Security subsequently charged Davila as inadmissible because he had been convicted of a crime involving moral turpitude (CIMT). See 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Facing deportation, Davila filed an application with the Immigration Court denying that his conviction was a CIMT. The immigration judge determined Davila was ineligible for cancellation of removal. The Board of Immigration Appeals (BIA) affirmed the judgment of the immigration judge, concluding the offense met the requirements of a CIMT under our decision in *Hashish v. Gonzales*, 442 F.3d 572 (7th Cir. 2006), because the conviction statute included a knowledge element. Davila has filed this petition seeking review of the BIA's decision. "'Crime involving moral turpitude' is an open-ended term," so when the BIA fleshes out its meaning through formal adjudication as it did here, it "is entitled to the respect afforded by the *Chevron* doctrine." *Ali v. Mukasey*, 521 F.3d 737, 739 (7th Cir. 2008).

We use the categorical approach to determine whether a crime involves moral turpitude, examining only the elements of the statute of conviction. *Hashish*, 442 F.3d at 575–76. The BIA has established that a conviction for an offense such as receipt of stolen property "is a conviction for a crime involving moral turpitude, as it specifically requires knowledge of the stolen nature of the goods." *In re Salvail*, 17 I. & N. Dec. 19, 20 (BIA 1979).

Applying the BIA's framework, we concluded in *Hashish* that two Illinois theft offenses were crimes involving moral turpitude because each offense "involve[d] the knowing exertion of authority or control over the property of another." 442 F.3d at 576–77. The knowledge element of the Illinois theft statutes was sufficient to make those crimes ones involving moral turpitude. *Id.*

By the same logic, the BIA was correct in this case that Davila's offense meets the standard of a crime involving moral turpitude. Davila's statute of conviction makes it unlawful for "[a] person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted." 625 Ill. Comp. Stat. 5/4-103(a)(1). Examining only the elements of the statute, we observe the statute's knowledge requirement: "knowing it to have been stolen or converted." This knowledge requirement in turn falls squarely within our rule in *Hashish*. Davila's offense involves the knowing exertion of authority or control over the property of another. We need not proceed any further.

Davila argues *Hashish* should not control because the theft statute held to be a CIMT in that case involved a permanency element, whereas the de minimis conduct of his statute of conviction—receipt of converted property—does not. It is true that the statute in *Hashish* criminalizes conduct only when the defendant:

> (A) Intends to deprive the owner permanently of the use or benefit of the property; or
> (B) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
> (C) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

720 Ill. Comp. Stat. 5/16-1(a). But we cast that permanency element as immaterial in *Hashish*. We only examined and relied upon the knowledge element of the statute. So too in evaluating Davila's statute of conviction, 625 Ill. Comp. Stat. 5/4-103, we will not read into our standard for CIMT any requirement for permanency. By applying our *Hashish* knowledge requirement to this Illinois receipt of stolen or converted property offense, we simply reaffirm our precedent that theft offenses incorporating a knowledge element meet the requirements of crimes involving moral turpitude.

The petition is DENIED.