**FILED**

**NOT FOR PUBLICATION**

APR 17 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUSTIN GARCIA-ROJO, | No. 21-624 |
| Petitioner, | Agency No.<br>A089-927-243 |
| v. | |
| MERRICK B. GARLAND, Attorney<br>General | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023**
Seattle Washington

Before: McKEOWN, BYBEE and FORREST, Circuit Judges.

Petitioner Agustin Garcia-Rojo, a citizen and national of Mexico, seeks

review of the Board of Immigration Appeals's (BIA) decision denying his motion

to reopen and affirming the Immigration Judge's (IJ) denial of asylum and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition in part, grant in part, and remand.

1. Generally, a petitioner must file an asylum application within one year of his arrival in the United States, unless there are materially changed or "extraordinary" circumstances.  8 U.S.C. § 1158(a)(2)(D).  We have jurisdiction to review the BIA's decision that Garcia-Rojo was statutorily ineligible for asylum because the underlying facts are not in dispute.  *Husyev v. Mukasey*, 528 F.3d 1172, 1179 (9th Cir. 2008).

Garcia-Rojo claims he delayed in applying for asylum due to his mental and emotional state stemming from abuse he suffered as a child.  However, Garcia-Rojo was present in the United States for fifteen years and was in removal proceedings, with the assistance of counsel, for seven years prior to applying for asylum.  During this time, Garcia-Rojo applied for a U-Visa.  Moreover, well before he applied for asylum, Garcia-Rojo recounted the abuse he suffered as a child to friends.  The BIA did not err in affirming the IJ's ruling that Garcia-Rojo's mental and emotional state was not so disabling as to constitute "extraordinary circumstances."

2. Garcia-Rojo seeks withholding of removal based on membership in three particular social groups (PSGs).  "Whether a group constitutes a 'particular social

2

group' under the INA is a question of law that we review de novo." *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019).

Garcia-Rojo has waived his argument regarding the PSG, "male victims of sexual abuse who are known in their community to have been victims of this sexual abuse." In his brief to the BIA, Garcia-Rojo never argued the IJ erred in determining there was no evidence of future harm on this basis. We lack jurisdiction to consider this argument now because Garcia-Rojo failed to exhaust the issue with the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Garcia-Rojo also failed to exhaust his claim related to the proposed PSG, "family member[s] of Jose Ivan Garcia Rojo," because he failed to raise this issue before the BIA. *See Barron*, 358 F.3d at 678.

We now turn to the final PSG, "Mexican nationals who have spent a significant amount of time in the United States, being perceived to have money, and not [] accustomed to living in Mexico." The BIA found this group was not cognizable because it is neither particular nor socially distinct. For a PSG to be cognizable, it must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1180 (9th Cir. 2021) (internal quotation marks and citation omitted).

3

We have previously held that similar groups are not cognizable.  In *Barbosa*, 926 F.3d at 1059–60, we held that individuals "returning to Mexico [from] the United States [who] are believed to be wealthy" is overbroad.  In *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010), we held that "returning Mexicans from the United States" is overbroad.  In *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016), we held that "imputed wealthy Americans" was overbroad. Moreover, Garcia-Rojo did not define a "significant amount of time," or how "[un]accustomed" to living in Mexico one must be to belong in the group.  The distinctions Garcia-Rojo attempts to make "appear[] to be a matter of semantics." *Id*. at 1228.  Because Garcia-Rojo's proposed group is too broad, the BIA did not err in determining that it is not cognizable as a PSG.

3. While his appeal was pending before the BIA, Garcia-Rojo received primary custody of his U.S.-citizen child.  Accordingly, Garcia-Rojo filed a motion to reopen and remand so that he may pursue cancellation of removal under 8 U.S.C. § 1229b(b)(1)–(2), as both a nonpermanent resident and as a parent of a child who has been battered or subjected to extreme cruelty by a U.S.-citizen parent.  Both subsections require a petitioner to demonstrate he "has not been convicted of an offense under section . . . § 1227(a)(2)."  8 U.S.C. § 1229b(b)(1)(C), (b)(2)(A)(iv).

4

"A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). The BIA denied Garcia-Rojo's motion to reopen, concluding Garcia-Rojo did not demonstrate prima facie eligibility for relief because he failed to demonstrate that his North Carolina convictions were not crimes involving moral turpitude. In support, the BIA cited two administrative decisions that addressed the question of whether similar convictions in different jurisdictions constitute crimes involving moral turpitude. S*ee Matter of Jurado-Delgado*, 24 I. & N. Dec. 29, 35 (BIA 2006) (holding that Pennsylvania's statute criminalizing unsworn falsification to authorities is a crime involving moral turpitude); *Matter of Salvail*, 17 I. & N. Dec. 19 (BIA 1979) (holding that a Canadian conviction for possession of stolen goods is a crime involving moral turpitude). The BIA did not rule on any other aspect of Petitioner's prima facie case.

The BIA abused its discretion. Garcia-Rojo alleged facts sufficient to show the name, date, location, and sentences of his convictions. None of Garcia-Rojo's convictions were CIMTs on their face. The BIA acted arbitrarily when it faulted Garcia-Rojo for failing to conclusively and preemptively prove each conviction was categorically not a CIMT at this stage in his proceedings. *See Tadevosyan v.*

5

*Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (holding that a motion to reopen does "not require[] a conclusive showing that, assuming the facts alleged to be true, eligibility for relief has been established" (alteration in original) (quoting *Matter of L-O-G*, 21 I.&N. Dec. 413, 418–19 (BIA 1996))).

We therefore grant Garcia-Rojo's petition as to this issue and remand to the BIA with instructions to determine if Garcia-Rojo has otherwise satisfied the requirements for his motion to reopen.

Each party is to bear its own costs on appeal.

**PETITION DENIED** in part, **GRANTED** in part, and **REMANDED.**